UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

JAY GARNOCK,

        Defendant.

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY/
MONEY JUDGMENT

S1 21 Cr. 652 (JSR)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about February 9, 2022, JAY GARNOCK, (the "Defendant"), was charged in four counts of a six-count Superseding Indictment, 21 Cr. 652 (JSR) (the "Indictment") with conspiracy to commit securities fraud and operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); and operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count Five);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, and of the following specific property:

a) The sum of $274,639.00 previously on deposit in an account with an account number ending in 6104 and held in the name of Robert Lenard Booth;

b) The sum of $672,890.82 previously on deposit in an account with an account number ending in 7179 and held in the name of BA Management Holdings Corp.;

c) The sum of $716,165.61 previously on deposit in an account with an account number ending in 2319 and held in the name of BA Management Holdings Corp.;

d) The sum of $586,643.83 previously on deposit in an account with an account number ending in 4171 and held in the name of ATC Holdings and Transfer Corp.;

e) The sum of $61,094.30 previously on deposit in an account with an account number ending in 8145 and held in the name of ATC Holdings and Transfer Corp.;

f) The sum of $229,623.37 previously on deposit in an account with an account number ending in 7783 and held in the name of DT Holdings Management Corp.;

g) The sum of $701,592.77 previously on deposit in an account with an account number ending in 0968 and held in the name of DT Holdings Management Corp.;

h) The sum of $6,998.02 previously on deposit in an account with an account number ending in 6962 and held in the name of 100 School Street Corp.;

i) The sum of $257.32 previously on deposit in an account with an account number ending in 5916 and held in the name of 320 Cedar Swamp Road Corp.;

j) The sum of $89,446.38 previously on deposit in an account with an account number ending in 5526 and held in the name of Michael A. D'Urso;

(a. through j. collectively, the "Forfeitable Property");

WHEREAS, the Indictment included a forfeiture allegation as to Counts Three through Six of the Information, seeking forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section

2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three through Six, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Three through Six of the Indictment, and of the Forfeitable Property;

WHEREAS, on or about September 2, 2022, the Defendant pled guilty to Count One of the Indictment, admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $2,365,218.74 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment, and the following specific property:

   a. The sum of $229,623.37 previously on deposit in a JP Morgan Chase account with an account number ending in 7783 and held in the name of DT Holdings Management Corp.

   b. The sum of $701,592.77 previously on deposit in a Santander account with an account number ending in 0968 and held in the name of DT Holdings Management Corp.

(a. and b. together, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,365,218.74 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the Specific Property, which constitutes property traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Andrew Jones and Jane Chong, of counsel, and the Defendant and his counsel, Lorraine Gauli-Rufo, Esq. and Thomas Ambrosio, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $2,365,218.74 in United States currency (the "Money Judgment"), representing proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, JAY GARNOCK, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Customs and Border Protection ("CBP"), and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. United States Customs and Border Protection ("CBP") or its designee is authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific

Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          September 12, 2022
    ANDREW JONES                              DATE
    JANE CHONG
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2249 / 2263


JAY GARNOCK

By: _____          9/19/22
    JAY GARNOCK                               DATE

By: _____          9-21-2022
    LORRAINE GAULI-RUFO, ESQ.                 DATE
    THOMAS AMBROSIO, ESQ.
    Attorneys for Defendant
    6 Pompton Avenue, Suite 25
    Cedar Grove, NJ 07009;
    750 Valley Brook Avenue
    Lyndhurst, NJ 07071


SO ORDERED:

_____              9/23/22
HONORABLE JED S. RAKOFF                      DATE
UNITED STATES DISTRICT JUDGE